UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN ALFONSO NOGUEDA, | No. 2:14-cv-1045 GGH P |
| Petitioner, | |
| v. | ORDER[1] |
| PEOPLE OF CALIFORNIA, | |
| Respondent. | |

INTRODUCTION

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254. Petitioner challenges his conviction for assault with a semiautomatic firearm, corporal injury to the parent of his child, false imprisonment, making criminal threats, endangering the health of a child, and two other misdemeanor violations for which he received a total prison term of 26 years 8 months. Petitioner raises eight separate grounds for relief, two of which are unexhausted.[2] These are petitioner's claims for ineffective assistance of counsel for failure to object to the district attorney's closing argument and for

---

[1] This case is before the undersigned as a "consent case" pursuant to 28 U.S.C. § 636(c).

[2] As respondent points out, petitioner presented ground six to the Court of Appeal and California Supreme Court. (ECF No. 1, at 17; People v. Nogueda, 2013 WL 542033 *5 (Cal. App. 3 Dist. Feb. 14, 2013); Resp't's Lod. Doc. 2 at 20-23.)

1

1 prosecutorial misconduct.

2 Before the court is petitioner's motion for a stay and abeyance of the petition, under Rhines v. Weber, 544 U.S. 269, 273, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005), pending exhaustion of his unexhausted claims, to which the court directed a response from respondent, after which petitioner filed a reply. For the reasons set forth below, the undersigned denies the motion to stay.

DISCUSSION

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140.[3] However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78.

What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).

"But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the

---

[3] This assumes, of course, that the unexhausted claims were either timely brought in their own right, or that they can relate back to timely claims in the original petition.

district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (quoting Jackson, 425 F.3d at 661) (internal citations omitted).

Recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). In Blake, the Ninth Circuit held that ineffective assistance of counsel by post-conviction counsel can be good cause for a Rhines stay, however, bare allegations of state post-conviction IAC do not suffice. Id. at 983.

The Blake court concluded that petitioner satisfied the good cause standard where he argued that his post-conviction counsel [4] "failed to conduct any independent investigation or retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was" subject to severe abuse as a child and suffered from brain damage and psychological disorders. 745 F.3d at 982 (internal quotes omitted). The petitioner supported this argument with extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for his post-conviction attorney, and thirteen declarations from petitioner's family and friends describing his "abhorrent" childhood conditions. Id. at 982-83. The Blake court concluded that the petitioner had met the Coleman/Martinez standard to show good cause under Rhines." Id. at 983-84 & n.7.

The undersigned finds that petitioner has failed to demonstrate that he qualifies for a stay under Rhines. Petitioner asserts that good cause exists for granting the instant motion because the fault for his failure to raise these unexhausted claims with the state court lies with his trial and appellate attorneys. However, petitioner has failed to support the request to stay certain ineffective assistance claims, as required in Blake (*i.e.*, there is no documentation -- as opposed to

---

[4] In Blake's case "post-conviction counsel" must refer to counsel on the state habeas petition for two reasons (1) Blake had been sentenced to death and appointment of counsel would have been likely; (2) appellate counsel on direct review would in all probability not be tasked with raising issues outside the record as most courts will not adjudicate IAC claims on direct review. Therefore, Blake is instructive, but not controlling.

1   oral assertions -- showing he discussed these claims with trial and/or appellate counsel and was
2   ignored).   Petitioner, according to his petition in federal court, did attempt to raise some
3   ineffective assistance claims on direct review. As such, petitioner has failed to show good cause
4   for his failure to exhaust all of his claims.

5   Moreover, respondent correctly argues that petitioner failed to diligently pursue his
6   unexhausted claims.  Petitioner's opening brief on direct appeal was filed in September 2011.
7   (Resp't's Lod. Doc. No.5.)  Even accepting petitioner's bald assertions of attorney notification of
8   his unexhausted claims (ECF No. 2, at 1.), petitioner's bringing to any court's attention the claims
9   that he now seeks to exhaust was anything but diligent.  The California Supreme Court denied his
10  petition for review on May 15, 2013.  (Resp't's Lod. Doc. 3.)  Petitioner filed his federal petition
11  along with the instant motion on April 28, 2014.  (ECF No. 1.)  On May 19, 2014, petitioner filed
12  his state court habeas petition with the Superior Court of Yolo County, (Resp't's Lod. Doc. 4.),
13  which was denied on July 22, 2014.[5]  Based on this timeline, petitioner waited over two and half
14  years between filing his opening appellate brief and presenting, for the first time, his unexhausted
15  claims to the state court—claims petitioner asserts that he was sufficiently well aware of by his
16  alleged notification of such claims at the time of direct review.  He waited over a year after his
17  petition for review was denied by the California Supreme Court and filing his state habeas
18  petition raising his unexhausted claims.  (Resp't's Lod. Docs. 3, 4.)  Petitioner has not justified
19  the time he let pass between when he first learned of his unexhausted claims, ostensibly at the
20  time of appeal or earlier, and when he first raised them himself in state court.  As such, plaintiff
21  was not diligent and does not qualify for a stay under Rhines,
22  /////
23  /////
24  /////
25  /////
26

---

[5] In order to exhaust his claims, petitioner must seek a ruling from the highest state court. The issue of a stay is not moot because the Superior Court denial is only the first step towards exhaustion.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion for stay and abeyance (ECF No. 2) is denied;

2. Claims seven and eight of the petition are dismissed and this action shall proceed on claims one through six.

Dated: October 23, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

nogu1045.sta