UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN ALFONSO NOGUEDA, | No.  2:14-cv-1045 GGH P |
| Petitioner, | |
| v. | ORDER |
| SUZANNE M. PEERY, | |
| Respondent. | |

Petitioner is a state prisoner represented by the Federal Defender[1] proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Previously pending on this court's law and motion calendar for February 18, 2016, was respondent's motion for reconsideration of the court's order granting an evidentiary hearing on the shackling claim, filed October 9, 2015.  Petitioner has filed an opposition, to which respondent has filed a reply.  Sean Riordan appeared for petitioner.  Justain Riley represented respondent.  At hearing, the court ordered petitioner to file a proffer of what testimony might be presented at an evidentiary hearing in order to assist in the determination of respondent's motion for reconsideration, and vacated the scheduled evidentiary hearing.  Respondent was directed to file a response.  (ECF No. 38.)

---

[1] The Federal Defender was appointed for purposes of representing petitioner at the evidentiary hearing. (ECF No. 28.)

[2] This action is before the undersigned pursuant to the parties' consent to proceed before a magistrate judge.  28 U.S.C. § 636(c).

1

Having reviewed all filings and heard oral argument, the court now issues the following order granting the motion for reconsideration, and denying petitioner's claim of ineffective assistance of trial counsel in failing to object to petitioner being shackled during the trial.

BACKGROUND

On May 20, 2015, this court denied most of petitioner's claims, but granted the claims of ineffective assistance of counsel in regard to failure to request an instruction that required the semi-automatic weapon to be loaded (Claim Four concerning Counts 7 and 9).[3] In regard to the claim of ineffective assistance of trial counsel in failing to object both before and during trial to petitioner's shackling at trial, the undersigned found that the state court of appeals made an unreasonable determination of the facts in first logically inferring that petitioner was restrained during trial based on the trial court's shackling instruction, but then inconsistently reasoning, "defense counsel may not have insisted on a ruling against restraints for the simple reason that defendant was not physically restrained in court. The record does not show there were any restraints placed on defendant during trial." The undersigned also noted that the court of appeals was merely speculating that counsel may not have sought a ruling against restraints because no shackling occurred. This inference was not reasonable in light of the other conflicting inference that could have been drawn as well, that shackling did occur. Other facts, such as whether restraints were visible or not, or whether shackling occurred only to and from the courtroom, were at this point speculation only, such that an evidentiary hearing was necessary.[4] The undersigned concluded that the inadequate record on shackling required such a hearing in order to determine the performance and prejudice prongs of Strickland. (ECF No. 28 at 29-30.)

DISCUSSION

Respondent requests that this court reconsider its prior ruling of May 20, 2015, ordering an evidentiary hearing on the issue of shackling at trial.

Parties seeking reconsideration should demonstrate "new or different facts or

---

[3] Although most claims were decided, no judgment was entered on those claims, pending a decision on the shackling claim.

[4] The scheduled April 6, 2016 evidentiary hearing was vacated at the hearing on the motion for reconsideration.

2

1    circumstances [which] are claimed to exist which did not exist or were not shown upon such prior
2    motion, or what other grounds exist for the motion" and "why the facts or circumstances were not
3    shown at the time of the prior motion." E.D. Cal. L.R. 230 (j); see United States v. Alexander,
4    106 F.3d 874, 876 (9th Cir.1997) (reconsideration appropriate for a change in the controlling law,
5    facts, evidence, or other circumstances; a need to correct a clear error; or a need to prevent
6    manifest injustice); see also School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d
7    1255, 1263 (9th Cir. 1993).

8        Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay
9    of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of
10   judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party
11   seeking reconsideration of a district court's order must brief the "new or different facts or
12   circumstances [] claimed to exist which did not exist or were not shown upon such prior motion,
13   or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine
14   which provides that the decisions on legal issues made in a case "should be followed unless there
15   is substantially different evidence . . . new controlling authority, or the prior decision was clearly
16   erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
17   391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.
18   denied, 475 U.S. 1064 (1986).

19       "After thoughts" or "shifting of ground" are not appropriate bases for reconsideration.
20   Fay Corp. v. BAT Holdings I, Inc., 651 F.Supp. 307, 309 (W.D. Wash.1987), aff'd, 896 F.2d
21   1227 (9th Cir.1990). The standards "reflect[ ] district courts' concern for preserving dwindling
22   resources and promoting judicial efficiency." Costello v. United States Government, 765 F.Supp.
23   1003, 1009 (C.D. Cal.1991). "While Rule 59(e) permits a district court to reconsider and amend
24   a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of
25   finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.
26   2003) (*quoting* 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000)).

27       Here, respondent initially argued that petitioner had not fulfilled certain requirements in
28   state court that would permit him to obtain an evidentiary hearing in federal court, which resulted

1    in only the skeletal record that was presented on direct appeal, such as failing to request more

2    evidence on shackling or to seek an evidentiary hearing, failing to attempt to settle or augment the

3    record on the issue of shackling, and failing to seek habeas review in state court in order to

4    develop new evidence.  As a result, respondent argues, 28 U.S.C. § 2254(e)(2) bars additional

5    evidence.

6         Petitioner countered that he exercised reasonable diligence in attempting to augment the

7    record in state court, and that any failure should be excused due to his attorney's failures.

8         However, the proffer submitted by petitioner's counsel makes the above arguments

9    inconsequential.  It is unnecessary to address whether Horton v. Mayle, 408 F.3d 570, 582 n. 6

10   (9th Cir 2005) applies in this case, as petitioner suggests, or whether an evidentiary hearing is

11   barred by 28 U.S.C. § 2254(e)(2), as urged by respondent, because an evidentiary hearing would

12   be futile based on the proffer submitted by petitioner.  The proffer supplies the grounds for the

13   undersigned to reconsider his prior order.

14        Petitioner's proffer for evidentiary hearing is based on interviews with petitioner's trial

15   counsel and five jurors.  Defense counsel states that she did not renew her motion for un-

16   shackling because petitioner was only shackled during transportation to and from the courtroom,

17   but not inside the courtroom.  She requested the jury instruction because she knew it was possible

18   jurors may have seen petitioner shackled outside the courtroom at some point.  She did not make

19   a motion for petitioner to be un-shackled outside the courtroom because based on her experience,

20   it was the custom in that courthouse that such motions would not be entertained.  (ECF No. 39.)

21        Interviews with five jurors revealed the following:  none of the jurors saw petitioner

22   shackled inside the courtroom.  One juror thought she saw petitioner shackled outside the

23   courtroom but was not sure if it was him, or if he was shackled.  One juror saw petitioner outside

24   the courtroom being escorted by officers with his hands in front of him as if he were shackled.

25   One juror saw petitioner shackled outside the courtroom, in a hallway of the courthouse.  One

26   juror saw petitioner shackled once in the crosswalk between the Yolo County Jail and the

27   courthouse.  The fifth juror said she did not see petitioner shackled but did see other defendants

28   shackled outside the courtroom.  The jurors who saw petitioner shackled said it did not affect

1  their verdict.  One of those jurors was disturbed about the outcome of the case, but for other

2  reasons.  All of the jurors interviewed who had seen petitioner shackled reported that it did not

3  factor into their verdict.

4      On the merits, respondent now correctly contends that petitioner's proffer shows no

5  potential evidence that would result in relief for petitioner on the claim at issue, and therefore an

6  evidentiary hearing is futile.

7      None of the jurors interviewed saw petitioner shackled inside the courtroom.  There is no

8  automatic due process violation for shackling outside the courtroom.

> We have held that visible shackling outside the courtroom—at least when the viewing is brief and accidental—is not inherently prejudicial; instead, a due process violation occurs only if the criminal defendant demonstrates actual prejudice. See Williams v. Woodford, 384 F.3d 567, 593 (9th Cir.2004) (holding that one "juror's viewing of Williams in handcuffs with a coat draped over his handcuffed hands as he went to or from the courtroom was not inherently or presumptively prejudicial"); Ghent v. Woodford, 279 F.3d 1121, 1133 (9th Cir.2002) (holding that there was no inherent prejudice where "a few jurors at most glimpsed Ghent in shackles in the hallway and as he was entering the courtroom"); United States v. Olano, 62 F.3d 1180, 1190 (9th Cir.1995) (holding that "a jury's brief or inadvertent glimpse of a defendant in physical restraints is not inherently or presumptively prejudicial" where, "on the sixth day of trial, the jury briefly witnessed [the defendant] in handcuffs as he entered the courtroom"); Castillo v. Stainer, 983 F.2d 145, 148 (9th Cir.1992) (holding that, concerning "a brief and accidental viewing of the defendant in a corridor, chained [at the waist]," "[n]o harm that rises to a constitutional level is done by such an unintended, out-of-court occurrence"); United States v. Halliburton, 870 F.2d 557, 559–61 (9th Cir.1989) (holding that a "brief and inadvertent display of Halliburton in handcuffs" when "he was observed handcuffed to a codefendant by at least two jurors as the elevator doors opened" was not inherently prejudicial).

22  Wharton v. Chappell, 765 F.3d 953, 964-65 (9th Cir. 2014).[5]

23      Based on this authority, actual prejudice is required where the defendant is only seen

24  shackled in the hallway or in transport to the courthouse from the jail.  Here, all jurors who may

25  have seen petitioner shackled stated that this fact did not affect their verdict.  Under these

---

[5] The undersigned has cited Ninth Circuit law because he initially found the fact finding of the Court of Appeal to be AEDPA unreasonable. Such would permit *de novo* review. Certainly, petitioner would fare no better under AEDPA; the undersigned can find no Supreme Court authority holding that shackling outside the courtroom is inherently prejudicial.

1   circumstances it is objectively reasonable to conclude that the brief observation of petitioner
2   shackled outside the courtroom was not prejudicial.  There has been no proffer in any event
3   demonstrating any prejudice.
4       Petitioner's trial counsel has confirmed through petitioner's proffer that she did not
5   supplement her motion regarding shackling because petitioner was not shackled in the courtroom.
6   Furthermore, a motion to prevent shackling outside the courtroom would have been futile because
7   the courthouse custom was to not entertain that kind of motion, according to counsel.  Therefore,
8   counsel's performance was reasonable under these facts, and any further objection to shackling
9   would have been futile.
10      Based on the aforementioned facts raised by petitioner's proffer, an evidentiary hearing is
11  no longer warranted.  Therefore, respondent's motion for reconsideration is granted.
12      For these reasons, petitioner's claim that trial counsel was ineffective for failing to secure
13  a shackling ruling must be denied on the merits.
14  CONCLUSION
15      Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must
16  issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A
17  certificate of appealability may issue only "if the applicant has made a substantial showing of the
18  denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in this order
19  and in the order filed May 20, 2015, a substantial showing of the denial of a constitutional right
20  has not been made in regard to the claims denied in this case.
21      Accordingly, IT IS HEREBY ORDERED that:
22  1. Respondent's motion for reconsideration, filed October 9, 2015 (ECF No. 33), is
23     granted;  an evidentiary hearing in regard to petitioner's ineffective assistance of
24     counsel claim in regard to shackling will not be held;
25  2. Petitioner's application for a writ of habeas corpus is granted in part with respect to
26     Counts 7 and 9 of Claim 4 based upon counsel's ineffectiveness in not requesting a
27     jury instruction that the gun in question in this case had to be loaded, based on this
28     court's order, filed May 20, 2015.  Retrial proceedings in state court shall be

commenced within sixty days of the filed date of this order on counts 7 and 9 only, or the state courts shall vacate that part of the conviction based on these counts. The petition is denied in all other respects.

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253 on the claims denied in this petition.

4. The Clerk shall enter judgment in petitioner's favor on Claim 4, Counts 7 and 9, and otherwise in respondent's favor for all other claims, and shall close this case.

Dated: June 20, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Nogu1045.recon